IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS M. ALLISON | : | MDL 875 |
| | : | |
| v. | : | |
| | : | EDPA CIVIL NO. |
| GOODYEAR TIRE & RUBBER CO. | : | 07-69104 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                August   19, 2010

Goodyear Tire & Rubber Company ("Goodyear"), a defendant in this asbestos action, has filed a letter brief requesting certain discovery, namely statements of exposure contained in settlement releases executed by Plaintiff as to other defendants. It seems that Goodyear fears that Plaintiff will swear to asbestos exposure in a settlement release, and then deny or hide such exposure in the litigation against Goodyear. See Def.'s Br. at 2. Plaintiff's counsel has declined to produce this information, arguing that it is not discoverable.[1]

Goodyear offers three reasons in support of disclosure: (1) the representations of exposure are discoverable under the Federal Rules of Civil Procedure; (2) they are routinely disclosed in asbestos actions in New York; and (3) not disclosing the statements would prejudice Goodyear and could lead to perjury at trial. For the reasons that follow, I reject Goodyear's arguments based on the record before this court.

---

[1] During a telephonic conference, counsel could not agree on whether such information was routinely turned over during discovery in the asbestos cases.

Goodyear argues that settlement releases fall within the purview of Rule 26(b)(1), which allows the discovery of "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The information need not be admissible to be discoverable, but merely needs to be reasonably calculated to lead to the discovery of admissible evidence. Id. I agree that settlement releases fall within Rule 26's definition of discoverable information. However, for the reasons discussed below, the judges of this circuit have applied a heightened standard to such requests, shifting the burden to the party requesting the information to make a particularized showing that the information sought will lead to the discovery of relevant evidence.

The problem with Goodyear's argument is that it overlooks the interplay of Rule 26 with Federal Rule of Evidence 408, which states that information regarding settlements and negotiation is inadmissible if offered to prove liability for, invalidity of, or amount of a claim. See Fed. R. Ev. 408. Similarly, in support of its argument that settlement releases are discoverable, Goodyear cites to two cases from this circuit, Cont'l Cas. Co. v. Peerless Indus. Inc., 2008 WL 4058698 (E.D. Pa. 2008) and Fid. Fed. Sav. & Loan Ass'n. v. Felicetti, 148 F.R.D. 532, 534 (E.D. Pa. 1993). In doing so, however, Goodyear neglects to focus on the Felicetti court's discussion of Rule 408, upon which Peerless relies.

Rule 408 recognizes the strong public policy promoting settlement. See Dutton v. Todd Shipyards Corp., No. 09-62916, 2009 U.S. Dist. LEXIS 107936, at *2-3 (E.D. Pa.

Nov. 17, 2009); Block Drug Co. v. Sedona Labs., Inc., No. 06-350, 2007 WL 1183828, at *1 (D. Del. Apr. 19 2007); Fidelity Fed. Sav. & Loan Assn. v. Felicetti, 148 F.R.D. 532, 534 (E.D. Pa. 1993). "Courts in this circuit and others, to effectuate the goals of both rules [Rule 26 and Rule 408] have required a more 'particularized showing' that the evidence sought is relevant and calculated to lead to the discovery of admissible evidence." Block Drug, 2007 WL 1183828, at *1 (citing Lesal Interiors, Inc. v. Resolution Trust Corp., 153 F.R.D. 561, 562 (D.N.J. 1994)). Specifically, in Felicetti, upon which Goodyear relies, the Honorable J. Curtis Joyner required the production of a portion of documents relating to a settlement negotiation. See 148 F.R.D. 532, 534. However, in ordering the production, Judge Joyner required the plaintiff to make a particularized showing of relevance and found that this showing was met with respect to only a portion of the request. Most recently, I denied a request in an asbestos action similar to that at issue here, wherein the defendant sought information contained in the settlement releases "to test the credibility of [the] [p]laintiff's claims." Dent v. Westinghouse, No. 08-83111, 2010 WL 56054, at *2 (E.D. Pa. Jan. 4, 2010).

    In this case, Goodyear seeks

> discovery of affirmative allegations of asbestos exposure contained in plaintiff's settlement releases because such allegations are admissions by plaintiff regarding exposure to asbestos-containing products manufactured by companies other than Goodyear. These admissions are unquestionably relevant to Goodyear's defense in this action because they provide critical evidence of alternative claimed sources of

3

>asbestos exposure and, as such, have a direct bearing on damages and apportionment of fault at trial.

Def.'s Br. at 6. This is exactly the use that Rule 408 prohibits -- to prove liability for, invalidity of, or amount of a claim.

Goodyear's request amounts to nothing more than a test of the credibility of Plaintiff's claims. It is no different than <u>Dent</u> and nearly identical to a request rejected by my colleague, the Honorable Thomas J. Rueter:

> [T]he court finds that defendant has not made a sufficient showing of how production of the settlement agreements will lead to admissible evidence. The court rejects the claim that defendant needs the agreements to 'impeach' plaintiff. Defendant already knows that plaintiff filed claims against other asbestos manufacturers in state courts. Defendant has access to all state court pleadings. Defendant may impeach plaintiff with his state court filings to suggest that his exposure to asbestos occurred at times and places having nothing to do with defendant's conduct.

<u>Dutton</u>, 2009 U.S. Dist. LEXIS 107936, at *3.

Goodyear also argues that a failure to require production of the representations of asbestos exposure in the settlement releases will prejudice it and may result in perjury by Plaintiff at trial. As Judge Rueter noted in <u>Dutton</u>, Goodyear may impeach Plaintiff with allegations of asbestos exposure contained in the other court filings. Goodyear does not need the releases to challenge Plaintiff's testimony concerning asbestos exposure.

Finally, to the extent Goodyear complains that the information it seeks is routinely disclosed in New York, I have no authority to compel production merely because it has

4

been done before. Guided by the Federal Rules of Evidence and Civil Procedure, I do not find that the necessary particularized showing has been met in this case to require disclosure.